1   Trinette G. Kent, Esq. (Bar No. 222020)
2   Lemberg Law, LLC
3   1333 Stradella Road
    Los Angeles, CA 90077
4   Telephone:  (480) 247-9644
    Facsimile:  (480) 717-4781
5   E-mail: tkent@lemberglaw.com

6

7

8                       **UNITED STATES DISTRICT COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10  Raymond Alvandi, *on behalf of himself*        Case No.:
11  *and all others similarly situated*,
                                                   **CLASS ACTION COMPLAINT FOR**
12                          Plaintiff,             **DAMAGES AND INJUNCTIVE**
                                                   **RELIEF**
13          vs.
                                                   **JURY TRIAL DEMANDED**
14  Annie's, Inc.,
15
                            Defendant.
16

17

18

19

20

21

22

23

24

25

26

27

28

For his Class Action Complaint, the Plaintiff, Raymond Alvandi, by and through their undersigned counsel, pleading on his own behalf and on behalf of others similarly situated, states as follows:

**<u>INTRODUCTION</u>**

1.      Plaintiff, Raymond Alvandi ("Plaintiff"), brings this class action for damages, injunctive relief, and declaratory relief from the illegal actions of Defendant Annie's, Inc. ("Defendant" or "Annie's").  Defendant misrepresented the fruit content and the nutritional and health qualities of its "Summer Strawberry" Organic Bunny Fruit Snacks (the "Strawberry Fruit Snacks" or "Defendant's Product").

2.      From six years prior to the date of this filing to the present (the "Class Period"), Defendant has engaged in a deceptive marketing campaign to convince consumers that its Strawberry Fruit Snacks actually contained strawberries as claimed in the marketing and on the labeling of Strawberry Fruit Snacks and was nutritious and healthful to consume.

3.      Indeed, Defendant's Product is called "Fruit Snacks" and "Summer Strawberry" and Defendant labels and markets its Strawberry Fruit Snacks as containing "Natural Strawberry Flavors" and touts that they are "Made with Goodness!"

4.      However, Defendant's Strawberry Fruit Snacks do not contain *any* strawberries.  Rather than summer strawberries, the entire ingredient list is as follows: Tapioca Syrup, Pear Juice From Concentrate, Cane Sugar, Tapioca Syrup Solids, Citrus Pectin, Citric Acid, Sodium Citrate, Ascorbic Acid (Vitamin C), Natural Flavors, Sunflower Oil, Carnauba Wax, and Colors (Black Carrot, Blackcurrant Extracts).  "Strawberries" are nowhere to be found in the Nutrition Facts.  Indeed, the Nutrition Facts do not even list a strawberry byproduct such as strawberry juice made from concentrate.

5.      The amount of strawberries in the Strawberry Fruit Snacks has a material

bearing on price and consumer acceptance. Through the marketing, labeling, and overall appearance of the Strawberry Fruit Snacks, Defendant creates the false impression that strawberries are present in an amount greater than is actually the case. Thus, Defendant is required to display the true percentage of strawberries on the front label, pursuant to 21 C.F.R. § 102.5. Defendant violates this requirement.

6. Because the Defendant fails to reveal the basic nature and characterizing properties of the Strawberry Fruit Snacks —specifically, the amount of actual strawberries in the Strawberry Fruit Snacks, or lack thereof—Defendant's Strawberry Fruit Snacks are not only deceptive, they are also misbranded under Sections 403(a) and 403(q) of the Food Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 343(a) and (q). Defendant's Product cannot be legally manufactured, advertised, distributed, or sold in the U.S. as it is currently labeled. See 21 U.S.C. § 331.

7. The Strawberry Fruit Snacks are also misbranded under California's Sherman Food, Drug, and Cosmetic Law (the "Sherman Law"), Cal. Health & Safety Code §§ 109875-111915. The Sherman Law expressly incorporates the food labeling requirements set forth in the FDCA, *see* Cal. Health & Safety Code § 110100(a), and provides that any food is misbranded if its nutritional labels do not conform to FDCA requirements. *See id.* § 110665; *see also* § 110670.

8. The Sherman Law further provides that a product is misbranded if its labeling is "false or misleading." *Id.* § 110660. It is a violation of the Sherman Law to advertise any misbranded food, *id.* § 110398; to manufacture, sell, deliver, hold, or offer for sale any food that is misbranded, *id.* § 110760; to misbrand any food, *id.* § 110765; or to receive in commerce any food that is misbranded or deliver or proffer it for delivery, *id.* § 110770.

9. Defendant has been able to charge a price premium for the Strawberry Fruit Snacks by deceiving consumers, like Plaintiff, by representing that the Strawberry Fruit Snacks (a) contain significant amounts of the named strawberries; (b)

are nutritious and healthful to consume; and (c) are more healthful than similar products.

10.     Defendant's false and misleading advertising played a substantial role in influencing Plaintiff's decisions to purchase the Strawberry Fruit Snacks.  Plaintiff relied upon Defendant's naming of its product "Summer Strawberry" and its claims on the Strawberry Fruit Snacks' packaging that Strawberry Fruit Snacks included "Natural Strawberry Flavors."  If Plaintiff had known the true fruit content, as well as the true nutritional and health qualities of the Strawberry Fruit Snacks he purchased, he would not have purchased the Strawberry Fruit Snacks.

11.     Defendant's deceptive statements regarding the Strawberry Fruit Snacks violate state and federal law, as detailed herein. As such, Plaintiff asserts claims on his behalf and on behalf of all purchasers of the Strawberry Fruit Snacks for Defendant's breach of express warranty; and violations of California's Consumers Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq*.; California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*.; and California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq*.

## PARTIES

12.     Plaintiff Raymond Alvandi ("Mr. Alvandi" or "Plaintiff") is, and at all times mentioned herein was, an adult individual residing in Glendale, California.

13.     Defendant Annie's, Inc. ("Annie's") is a Delaware corporation headquartered at One General Mills Boulevard, Minneapolis, Minnesota 55426. Annie's produces, markets, distributes, and sells the Strawberry Fruit Snacks to consumers throughout the United States.

## JURISDICTION AND VENUE

14.     This Court has original subject-matter jurisdiction over this proposed class action pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), under 28 U.S.C. § 1332(d), which explicitly provides for the original

jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.  Plaintiff alleges there are at least 100 members in the proposed Class (as defined below), the total claims of the proposed Class members are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, and a member of the proposed Class is a citizen of a State different from the State of citizenship of Defendant.

15.     This Court has personal jurisdiction over Defendant for reasons including but not limited to the fact that Plaintiff's claims arise out of Defendant's conduct within the State of California.

16.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District and because a substantial part of the events giving rise to the claims occurred in this District.

## GENERAL ALLEGATIONS

17.     Consumers, including Plaintiff, increasingly and consciously seek out healthy foods and snacks—placing value on healthy fruit-based snacks. Consumers seek these types of snacks for various reasons, including perceived benefits of avoiding disease, and attaining health and wellness for themselves and their families.

**A. Defendant's Deceptive Marketing of the Strawberry Fruit Snacks**

18.     Defendant's deceptive practices capitalize on consumers' desire to purchase healthier snacks.

19.     For instance, Defendant boasts that "Our mission is to cultivate a healthier and happier world by spreading goodness through nourishing foods, honest words and conduct that is considerate and forever kind to the planet."[1]

20.     Moreover, the front of the Strawberry Fruit Snacks's labeling prominently

_____

[1] http://www.annies.com/our-mission (last visited July 13, 2017).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

identifies Defendant's Product as "Fruit Snacks" and "SUMMER STRAWBERRY," containing "Natural Strawberry Flavors," and claims that it is "Made with Goodness!":



CLASS ACTION COMPLAINT

**B.  The Strawberry Fruit Snacks Do Not Contain Any Strawberries and Are Not Healthful**

21.     Defendant's claims about the fruit content and the nutritional qualities and healthfulness of the Strawberry Fruit Snacks are deceptive. Although the marketing and labeling of Defendant's Product prominently states "Fruit Snacks," "SUMMER STRAWBERRY" and claims that it contains "Natural Strawberry Flavors," there are *no* strawberries in the Strawberry Fruit Snacks.  Instead, the Strawberry Fruit Snacks contain the following "Best Ingredients": Tapioca Syrup, Pear Juice From Concentrate, Cane Sugar, Tapioca Syrup Solids, Citrus Pectin, Citric Acid, Sodium Citrate, Ascorbic Acid (Vitamin C), Natural Flavors, Sunflower Oil, Carnauba Wax, and Colors (Black Carrot, Blackcurrant Extracts).[2]

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

---

[2] The following page contains a photograph of the Nutrition Facts contained on the Strawberry Fruit Snacks.

## Nutrition Facts

Serving Size 1 pouch (23g)
Servings Per Container 5

**Amount Per Serving**

**Calories** 70

% Daily Value*

| | |
|---|---|
| **Total Fat** 0g | **0**% |
| **Sodium** 45mg | **2**% |
| **Total Carb.** 17g | **6**% |
| Sugars 11g | |
| **Protein** 0g | |

Vitamin C 100%

Not a significant source of calories from fat, saturated fat, trans fat, cholesterol, dietary fiber, vitamin A, calcium and iron.

*Percent Daily Values are based on a 2,000 calorie diet.

**BEST INGREDIENTS: Tapioca Syrup*, Pear Juice From Concentrate*, Cane Sugar*, Tapioca Syrup Solids*, Citrus Pectin, Citric Acid, Sodium Citrate, Ascorbic Acid** (Vitamin C)**, Natural Flavors, Sunflower Oil*, Carnauba Wax*, Colors** (Black Carrot, Blackcurrant Extracts).

**\* Organic**

MANUFACTURED FOR ANNIE'S, INC.
1610 5TH ST., BERKELEY, CA 94710
© ANNIE'S, INC.
Certified Organic by Oregon Tilth

22.     Thus, not only are there are no actual summer strawberries in the Strawberry Fruit Snacks as advertised, there is not even a strawberry byproduct in the Strawberry Fruit Snacks.  The only fruit-related byproduct is "Pear Juice From Concentrate," essentially a neutral tasting form of sugar.  However, Annie's did not advertise Pear Fruit Snacks; it advertised Summer Strawberry Fruit Snacks.

23.     This practice of advertising fruit snacks as containing significant amounts of fruit (here strawberries) when in fact they do not has been well documented.  The Center for Science in the Public Interest notes that "Food companies aggressively market phony fruit snacks to toddlers, children, and their parents, pushing them as healthy options and substitutes for real fruit. Unfortunately for parents and kids, phony fruit snacks don't always contain the fruits advertised on the front of the box and never in the quantities suggested. Instead, companies use relatively cheap, nutritionally void, and highly processed pear, apple, and white grape juices, making phony fruit snacks much closer to gummy bears than actual fruit."[3]

24.     While Defendant's Strawberry Fruit Snacks do not contain any strawberries, one ingredient that the Strawberry Fruit Snacks do contain in abundance is sugar.

25.     A single serving of the Strawberry Fruit Snacks weighs 23 grams, a whopping 11 grams of which are sugar.  Thus, 47% of the Strawberry Fruit Snacks are sugar.  In contrast, 23 grams of fresh strawberries contain 1.12 grams of sugar.[4]  Thus,

---

[3] https://cspinet.org/phony-fruit-snacks (last visited July 12, 2017).

[4] *See* https://ndb.nal.usda.gov/ndb/foods/show/2385?man=&lfacet=&count=&max=50&qlookup=09316&offset=&sort=default&format=Full&reportfmt=other&rptfrm=&ndbno=&nutrient1=&nutrient2=&nutrient3=&subset=&totCount=&measureby=&Qv=.23&Q4503=1&Q4504=1&Q4505=1&Q4506=1&Q4507=1&Q4508=1&Q4509=1&Q4510=1&Q4511=1&Q4512=1&Qv=.24&Q4503=1&Q4504=1&Q4505=1

Defendant's Strawberry Fruit Snacks contain *ten times* more sugar by weight than actual strawberries.  As a result, a parent purchasing Defendant's Strawberry Fruit Snacks who, after viewing Defendant's Product's labeling, reasonably believes that the Strawberry Fruit Snacks contain strawberries, would unknowingly be serving their child ten times more sugar than if they simply gave their child an equivalent amount of strawberries.

26.    In addition, Defendant boasts that the Strawberry Fruit Snacks contain "100% DV of Vitamin C":



27.    Taken together with Defendant's claim that actual strawberries are contained in the Strawberry Fruit Snacks, and strawberries' reputation for containing high levels of vitamin C[5], Defendants' labeling and advertising suggests that the

---

&Q4506=1&Q4507=1&Q4508=1&Q4509=1&Q4510=1&Q4511=1&Q4512=1 (last visited July 13, 2017).
[5] *See* https://ods.od.nih.gov/factsheets/VitaminC-Consumer/ (last visited July 13, 2017) (noting that "Fruits and vegetables are the best sources of vitamin C" and listing strawberries among those fruits and vegetables containing vitamin C).

vitamin C is derived from actual strawberries. Yet there are no strawberries in the Strawberry Fruit Snacks, and thus Defendant's suggestion is false. Instead, Defendant fortifies its Strawberry Fruit Snacks with Vitamin C. As noted, one of the ingredients listed on Defendant's Product's packaging is "Ascorbic Acid (Vitamin C)."

28. Defendant's fortification of Vitamin C in the Strawberry Fruit Snacks is precisely the type of addition of nutrients that the Food and Drug Administration prohibits. Specifically, the "Food and Drug Administration does not encourage indiscriminate addition of nutrients to foods, nor does it consider it appropriate to fortify fresh produce; meat, poultry, or fish products; sugars; or snack foods such as candies and carbonated beverages."[6] Had Defendant not illegally fortified the Strawberry Fruit Snacks with vitamin C, it would not be able to boast that Defendant's Product contains "100% DV of Vitamin C."

29. Defendant is able to sell the Strawberry Fruit Snacks to consumers by deceiving consumers about the healthfulness and strawberry content of the Strawberry Fruit Snacks and distinguishing the Strawberry Fruit Snacks from competitors' products. Defendant is motivated to deceive consumers for no other reason than to charge a price premium and to take away market share from competing companies to further increase its own profits.

30. In short, Defendant's Strawberry Fruit Snacks are promoted as a healthful snack alternative containing strawberries, when in fact the Strawberry Fruit Snacks contain no strawberries. Thus, stating that the Strawberry Fruit Snacks are made of summer strawberries and contain "natural strawberry flavors," and representing that Strawberry Fruit Snacks are beneficial to consumers' health is misleading and deceptive.

**C. The Strawberry Fruit Snacks are Misbranded**

31. Under FDCA section 403, a food is "misbranded" if "its labeling is false

_____

[6] 21 C.F.R. § 104.20(a).

or misleading." See 21 U.S.C. §§ 343(a).

32.    The amount of strawberries in the Strawberry Fruit Snacks has a material bearing on price and consumer acceptance. Moreover, Defendant's marketing and labeling of the Strawberry Fruit Snacks—including claims that that they are "fruit snacks," and "summer strawberries" and "natural strawberry flavors" are ingredients—creates the erroneous impression that the strawberries described in Defendant's Product's marketing and labeling are present in an amount greater than is actually the case. Thus, Defendant is required to display the true percentage of strawberries in the product name on the front label, pursuant to 21 C.F.R. § 102.5. Defendant violates this requirement.

33.    Because the Defendant failed to reveal the basic nature and characterizing properties of the Strawberry Fruit Snacks (specifically, the true strawberry content, or lack thereof), Defendant's Strawberry Fruit Snacks are not only sold with misleading labeling but also misbranded under Sections 403(a) of the Food Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 343(a), and cannot be legally manufactured, advertised, distributed, or sold in the U.S. as they are currently labeled. See 21 U.S.C. § 331.

34.    Similarly, the Strawberry Fruit Snacks are misbranded under California's Sherman Law, Cal. Health & Safety Code §§ 109875-111915. The Sherman Law expressly incorporates the food labeling requirements set forth in the FDCA, see Cal. Health & Safety Code § 110100(a), and provides that any food is misbranded if its nutritional labeling does not conform to FDCA requirements. See id. § 110665; see also id. § 110670.

35.    The Sherman Law further provides that a product is misbranded if its labeling is "false or misleading." *Id.* § 110660. It is a violation of the Sherman Law to advertise any misbranded food, *id.* § 110398; to manufacture, sell, deliver, hold, or offer for sale any food that is misbranded, *id.* § 110760; to misbrand any food, *id.* § 110765; or to receive in commerce any food that is misbranded or deliver or proffer it

CLASS ACTION COMPLAINT

for delivery, *id.* § 110770.

36.     By misrepresenting the basic nature and characterizing properties of the Strawberry Fruit Snacks, Defendant violated these federal and state regulations and mislead Plaintiff and consumers alike.

## ALLEGATIONS APPLICABLE TO PLAINTIFF

**A. Raymond Alvandi**

37.     Mr. Alvandi has purchased Defendant's Strawberry Fruit Snacks on multiple occasions.  Mr. Alvandi purchased the Strawberry Fruit Snacks on Amazon.com and from a Target store located in Glendale, California, among other locations.

38.     Prior to his purchase of the Strawberry Fruit Snacks, Mr. Alvandi saw and relied upon Defendant's marketing and labeling representing that the Strawberry Fruit Snacks were made with significant amounts of the named strawberries and were healthful.

39.     When Mr. Alvandi saw Defendant's misrepresentations prior to and at the time of purchase, he relied on Defendant's representations and claims that the Strawberry Fruit Snacks contained significant amounts of actual strawberries.

40.     Defendant emphasized in the marketing and on the labeling of Defendant's Product that Strawberry Fruit Snacks were nutritious and healthful.

41.     Mr. Alvandi suffered injury because he relied on Defendant's misrepresentations and would not have purchased the Strawberry Fruit Snacks for himself and his family had Defendant not made certain misrepresentations in Strawberry Fruit Snacks's marketing and labeling. In the future, if Mr. Alvandi knew that Strawberry Fruit Snacks's marketing and labeling was truthful and not deceptive, he would continue to purchase Defendant's Product.  At present, however, Mr. Alvandi cannot be confident that the labeling and labeling of Defendant's Product is, and will be, truthful and non-deceptive.

# CLASS ACTION ALLEGATIONS

## A. The Class

42.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

43.     Plaintiff represents, and is a member of the following class (the "Class"):

**All persons within the United States who purchased Strawberry Fruit Snacks during the Class Period.**

44.     Mr. Alvandi also seeks to represent a subclass of all Class members who purchased the Strawberry Fruit Snacks in the state of California (the "California Subclass").

45.     Defendant and its employees or agents are excluded from the Class and the Subclasses. Plaintiff does not know the number of members in the Class, but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

## B. Numerosity

46.     Plaintiff does not know the exact number of Class members, but given the nature of the claims and the number of retail stores selling Defendant's Product, Plaintiff believes that Class members are so numerous that joinder of all members of the Class is impracticable.

47.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.

## C. Common Questions of Law and Fact

48.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.  These questions include:

a.  Whether Defendant marketed, packaged, or sold Defendant's

Product to Plaintiff and those similarly situated using false, misleading, or deceptive statements or representations, including statements or representations concerning the nutritional and health qualities of its Product;

b. Whether Defendant omitted or misrepresented material facts in connection with the sale of its Product;

c. Whether Defendant participated in and pursued the common course of conduct complained of herein;

d. Whether Defendant's marketing, labeling, or selling of Defendant's Product as healthful and nutritious constitutes an unfair or deceptive consumer sales practice;

e. Whether Defendant has been unjustly enriched as a result of its unlawful business practices;

f. Whether Defendant's actions as described above violate the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

g. Whether Defendant's actions as described above violate the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*;

h. Whether Defendant's actions as described above violate the California Consumers Legal Remedies Act, Cal. Civil Code §§ 1750, *et seq.*;

i. Whether Defendant should be enjoined from continuing the above-described practices;

j. Whether Plaintiff and members of the Class are entitled to declaratory relief; and

k. Whether Defendant should be required to make restitution,

CLASS ACTION COMPLAINT

disgorge profits, reimburse losses, pay damages, and pay treble damages as a result of the above-described practices.

**D. Typicality**

49.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E. Protecting the Interests of the Class Members**

50.     Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

**F. Proceeding Via Class Action is Superior and Advisable**

51.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

## COUNT I

## Breach of Express Warranty

52.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

53.     Defendant expressly warranted in its marketing, labeling, and promotion of the Strawberry Fruit Snacks that the Strawberry Fruit Snacks contain actual strawberries and are nutritious, and healthful to consume. These statements are untrue as detailed above. The promise of strawberries, and the nutritious and healthful nature of the Strawberry Fruit Snacks, specifically relates to the goods being purchased and became the basis of the bargain. Plaintiff and members of the Class purchased the Strawberry Fruit Snacks based upon the above said express warranties made in Defendant's marketing and labeling of the Strawberry Fruit Snacks.

54.     Defendant breached its express warranty by selling Strawberry Fruit Snacks that did not conform to the warranties it made.

55.     Plaintiff and the Class were injured as a direct and proximate result of Defendant's breach and deserve to be compensated for the damages they suffered. If Plaintiff and the Class had known the true facts concerning the strawberry content of the Strawberry Fruit Snacks, they would not have purchased Strawberry Fruit Snacks.

**COUNT II**

**Unfair and Deceptive Acts and Practices,**
**In Violation of the California Consumers Legal Remedies Act § 1750, *et seq.***

56.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

57.     Plaintiff brings this cause of action individually and on behalf of the California Subclass pursuant to the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* (the "CLRA").

58.     Plaintiff and members of the California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought Defendant's Product for personal, family, or household purposes.

59.     Plaintiff, members of the California Subclass, and Defendant have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

60.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

61.     As alleged more fully above, Defendant has violated the CLRA by falsely representing to Plaintiff and the California Subclass certain qualities of the Strawberry Fruit Snacks.

62.     As a result of engaging in such conduct, Defendant has violated California Civil Code §§ 1770(a)(5), (a)(7), and (a)(9).

CLASS ACTION COMPLAINT

63.    Pursuant to California Civil Code §§ 1780(a)(2) and (a)(5), Plaintiff seeks an order of this Court that includes, but is not limited to, an order requiring Defendant to remove language and graphics on Defendant's marketing and labeling representing the Strawberry Fruit Snacks are made with actual strawberries and are healthful and nutritious.

64.    Plaintiff and members of the California Subclass may be irreparably harmed or denied an effective and complete remedy if such an order is not granted.

65.    The unfair and deceptive acts and practices of Defendant, as described above, present a serious threat to Plaintiff and members of the California Subclass.

66.    Plaintiff does not seek monetary damages pursuant to the CLRA.

### COUNT III
### Unlawful Business Acts and Practices,
### In Violation of California Business and Professions Code, § 17200, *et seq.*

67.    Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

68.    Plaintiff brings this cause of action individually and on behalf of the California Subclass.

69.    Such acts of Defendant, as described above, constitute unlawful business acts and practices.  In this regard, Defendant's manufacturing, marketing, advertising, labeling, distributing, and selling of its Product violates California's Sherman Law, Cal. Health & Saf. Code § 109875, et seq.

70.    In relevant part, the Sherman Law declares that food is misbranded if its labeling is false or misleading in any particular way and further provides that it is unlawful for any person to misbrand any food. Cal. Health & Saf. Code §§ 110660, 110765.

71.    The Sherman Law defines a "person" as "any individual, firm, partnership, trust, corporation, limited liability company, company, estate, public or private institution, association, organization, group, city, county, city and county,

CLASS ACTION COMPLAINT

political subdivision of this state, other governmental agency within the state, and any representative, agent, or agency of any of the foregoing." Cal. Health & Saf. Code § 109995. Defendant is a corporation and, therefore, a "person" within the meaning of the Sherman Law.

72. The business practices alleged above are unlawful under the CLRA, Cal. Civ. Code § 1750, *et seq.*, which forbids deceptive advertising.

73. The business practices alleged above are unlawful under California Business and Professions Code § 17200, *et seq.* by virtue of violating § 17500, *et seq.*, which forbids untrue advertising and misleading advertising.

74. As a result of the business practices described above, Plaintiff and the California Subclass, pursuant to California Business and Professions Code § 17203, are entitled to an order enjoining such future conduct on the part of Defendant and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for Defendant's Product as a result of the wrongful conduct of Defendant.

75. The above-described unlawful business acts and practices of Defendant present a threat and reasonable likelihood of deception to Plaintiff and members of the California Subclass in that Defendant has systematically perpetrated and continue to perpetrate such acts or practices upon members of the California Subclass by means of misleading manufacturing, marketing, advertising, labeling, distributing, and selling of the Strawberry Fruit Snacks.

## COUNT IV
### Fraudulent Business Acts and Practices,
### In Violation of California Business and Professions Code § 17200, *et seq.*

76. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

77. Plaintiff brings this cause of action individually and on behalf of the California Subclass.

78.     Such acts of Defendant as described above constitute fraudulent business practices under California Business and Professions Code § 17200, *et seq.*

79.     As more fully described above, Defendant's misleading marketing, advertising, and labeling of Defendant's Product is likely to deceive reasonable California consumers. Indeed, Plaintiff and other members of the California Subclass were deceived regarding the characteristics of Defendant's Product, as Defendant's marketing, advertising, and labeling of Defendant's Product misrepresents or omits the true ingredients and nutritional content of Defendant's Product. Defendant's portrayal of Strawberry Fruit Snacks as made with actual strawberries and being healthful and nutritious is misleading and deceptive because the Strawberry Fruit Snacks were not made with *any* strawberries and lacked the nutritional benefits associated with strawberries.

80.     This fraud and deception caused Plaintiff and members of the California Subclass to purchase more of Defendant's Product than they would have or to pay more than they would have for Defendant's Product had they known that the statements on Defendant's Product conveying that they were made from strawberries and were healthful are contrary to the actual ingredients of Defendant's Product.

81.     As a result of the business acts and practices described above, Plaintiff and the California Subclass, pursuant to California Business and Professions Code § 17203, are entitled to an order enjoining such future conduct on the part of Defendant and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for Defendant's Product as a result of the wrongful conduct of Defendant.

## COUNT V
### Misleading and Deceptive Advertising
### In Violation of California Business and Professions Code, § 17500, *et seq.*

82.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

CLASS ACTION COMPLAINT

83.     Plaintiff brings this cause of action individually and on behalf of the California Subclass for violations of California Business and Professions Code § 17500, *et seq.* for misleading and deceptive advertising against Defendant.

84.     At all material times, Defendant engaged in a scheme of offering Defendant's Product for sale to Plaintiff and other members of the California Subclass by way of, *inter alia*, commercial marketing and advertising, the Internet, product labeling, and other promotional materials. Defendant's portrayal of its Product as being made from strawberries and as being healthful and nutritious is misleading and deceptive because the Strawberry Fruit Snacks were not made with any strawberries and lacked the nutritional benefits associated with strawberries.  Said advertisements were made within the State of California and come within the definition of advertising as contained in Business and Professions Code § 17500, *et seq.* in that such promotional materials were intended as inducements to purchase Defendant's Product and are statements disseminated by Defendant to Plaintiff and the California Subclass and were intended to reach members of the California Subclass. Defendant knew, or in the exercise of reasonable care should have known, that these statements were misleading and deceptive.

85.     In furtherance of said plan and scheme, Defendant has prepared and distributed within the State of California—via commercial marketing and advertising, the Internet, product labeling, and other promotional materials—statements that misleadingly and deceptively represent Defendant's Product as being made of strawberries, and being healthful and nutritious. Consumers, including Plaintiff, necessarily and reasonably relied on these materials concerning Defendant's Product. Consumers, including Plaintiff and the Class Members, were among the intended targets of such representations.

86.     The above acts of Defendant, in disseminating said misleading and deceptive statements throughout the State of California to consumers, including

CLASS ACTION COMPLAINT

Plaintiff and members of the Class, were and are likely to deceive reasonable consumers, including Plaintiff and other members of the Class, by obfuscating the real ingredients of Defendant's Product, and making misleading claims about Defendant's Product, all in violation of the "misleading prong" of California Business and Professions Code § 17500.

87.   As a result of the above violations of the "misleading prong" of California Business and Professions Code § 17500, *et seq.*, Defendant has been unjustly enriched at the expense of Plaintiff and the other members of the California Subclass. Plaintiff and the California Subclass, pursuant to California Business and Professions Code § 17535, are entitled to an order of this Court enjoining such future conduct on the part of Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore to any person in interest any money paid for Defendant's Product as a result of the wrongful conduct of Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Classes the following relief against Defendant:

1. Injunctive relief prohibiting such false and deceptive advertising by Defendant in the future;

CLASS ACTION COMPLAINT

2.  Declaratory relief as stated;

3.  Statutory, compensatory, treble, and punitive damages;

4.  An Order of restitution and all other forms of equitable monetary relief;

5.  An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

6.  Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  August 1, 2017

RAYMOND ALVANDI,

By:  _/s/ Trinette G. Kent_____
Trinette G. Kent, Esq. (Bar No. 222020)
Lemberg Law, LLC
*Attorneys for Plaintiff*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28